EMANUEL HEIM *v.* JOHN F. WOLF and another.(*a*)

Where a party employed for a definite period is discharged without cause, before the expiration of the time for which he was employed, he may wait until his wages would have become due, and may then recover them, not as wages or compensation for services rendered, but as damages for the breaking of the contract to employ and pay.

When, in consequence of the discharge, the party has been of necessity idle, his damages will be an amount equal to the whole compensation agreed upon; but if he have obtained other employment for a part of the period covered by the contract, he will be entitled to only a partial recovery.

By the legal construction of a contract for the labor of an individual at a monthly compensation, such compensation is payable at the end of each month.

An objection not made at the trial in the court below, and not urged on the appeal, cannot avail a party, where it is possible that if the objection had been taken in time, the other party to the suit might have introduced evidence to vary the testimony on the point in question.

The section of the code requiring judgment on appeals from the marine and justices' courts to be given according to the justice of the case, was intended to give this court power to review the proceedings of the courts below, as to both the law and the fact.

---

(*a*) This, and one or two other cases admitted into this volume, were decided before the year 1850; but they present points which have not been overruled by legislation, nor by authoritative judicial decisions.

Merely technical errors, where no injustice has been done, will be disregarded; and in a review upon the facts, the rule is the same as in a case tried before a jury in this court, namely, that a verdict will not be interfered with upon the facts, unless the decision is against the clear weight of evidence.

APPEAL from the marine court. This action was brought by the plaintiff, upon an alleged agreement with the defendants, by which he was employed as their clerk and agent, from April 1st to December 1st, at $60 per month. On the 30th day of June, the plaintiff was discharged by the defendants, and left their employment. At the trial of the cause, they sought to justify the discharge, on the ground that he had been negligent in their business, and that by reason of his neglect, they had lost the amount of a note which had been placed in his hands for collection.

The testimony as to the terms of the agreement was conflicting; and the evidence, both to sustain and to repel the imputation of negligence, was slight and contradictory. The finding of the court below, upon these questions of fact, is indicated by the judgment there given against the defendants, who appealed to this court.

The suit was commenced about the middle of September. The plaintiff claimed one month's salary, to wit, from the 1st of July to the 1st of August, "as per agreement with the defendants," and also damages for a breach, by the defendants, of the contract between the parties. The latter part of his complaint was struck out on his motion. The defendants pleaded a general denial, and also sought to set off and recoup their damages for loss occasioned, as they averred, by the plaintiff's neglect.

It appeared, in evidence, that the plaintiff obtained a new employment about the middle of July, some two weeks before his discharge. No objection, however, was on this account taken to the plaintiff's recovery for the last half of July, either at the trial, or on the argument of the appeal.

*L. R. Marsh*, for appellants.

*Charles Stuart*, for respondent.

BY THE COURT. INGRAHAM, FIRST J.—By § 366 of the Code, on appeal this court is to give judgment according to the justice of the case, and may affirm the judgment or reverse it for errors of law or fact. It was evidently intended to give the court power to review the proceedings of the court below, both as to the law and fact. But in the exercise of this power we are not to regard technical errors or defects, nor would it be proper in this court to interfere with the decisions of the court below upon questions of fact, when the testimony was in any respect of a doubtful character, or such as to afford any grounds for the decision to which the court below arrives. I know of no better rule to adopt in regard to the review upon the facts, than that which exists as to a case tried before a jury in this court, viz., not to interfere with the verdict upon the facts unless the decision is against the clear weight of evidence.

1. As to the contract, there is contradictory testimony, slight on both sides; but the preponderance is, I think, in favor of the plaintiff. A witness testifies to an engagement for eight months, at $60 per month, and the justice has adopted his statement of the contract. With his decision on that point there is no ground for interference.

2. These remarks also apply to the allegation that the plaintiff was negligent in his business, and was rightfully discharged. There is testimony on the part of the plaintiff that he was attentive to his duties, and also to explain the transaction as to the note, of which the defendants complain. Although a different view of this branch of the case would have been more satisfactory, still we consider that the court below had better opportunities to judge of the value of the testimony before them, and especially so where an attempt is made to impeach some of the witnesses who testify to the negligence. How much credit was to be given to the witness was clearly a question for the court below, and we would not interfere with the decision on that point.

3. It is contended that this contract being for eight months, at $60 per month, is an entire contract, and that plaintiff cannot recover until the whole period has elapsed.

Heim v. Wolf.

Where a contract is made for the labor of an individual at a monthly compensation, I understand the common and legal construction of such a contract to be a compensation to be paid as earned, by the month.

In the case referred to in 13 J. R. 53, (*Thorpe* v. *White*,) the contract contained a provision that the parties should settle at the end of every three or four months. I am at a loss to see upon what principle the court say that the plaintiff could not recover until the expiration of the year, in opposition to that part of the contract. I do not understand such to be the rule applicable to a contract of hiring at a monthly compensation. The party has a right to be paid when the monthly wages are earned. Where the employer discharges the person from his employ, he may wait until his wages become due, and then recover them, but that rule is to be taken with restrictions. He recovers not for services rendered, but damages for breaking the contract by discharging him before the termination of his agreement, that is, for refusing to employ and pay him according to the contract. If it appears that he was idle and could not obtain other employment, his damages would be the whole compensation agreed on. But if he obtains employment, then he is only entitled to a partial recovery. In the testimony in this case, it appears that the plaintiff was employed after two weeks, and he ought not to have received wages for the period that elapsed while he was so employed.

This point does not appear to have been made on the trial, nor is it urged on this appeal; and we are not willing, therefore, to interfere with the judgment of the court below on that account. If the objection had been urged on the trial, other testimony might have been offered to vary the evidence on that point, or to show that the plaintiff did not receive an equal compensation for his services. I refer to it here only for the purpose of saying that the affirmance of this judgment is not to be considered as settling between the parties the right of the plaintiff to recover for subsequent compensation.

The judgment below should be affirmed, with costs.